UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF NEW YORK
---------------------------------------------------------------X    Case No.
SHAPNA AKTER and MUHAMMAD ALAM,
*Individually and on behalf of all others similarly situated*,

                Plaintiff,

                                              **CLASS AND COLLECTIVE**
                                              **ACTION COMPLAINT**

    -against-

IMMIGRANT ELDER HOME CARE LLC and        **Jury Trial Demanded**
GIASH AHMED,

                Defendants.
---------------------------------------------------------------X

       Plaintiffs Shapna Akter and Muhammad Alam ("Plaintiffs") allege on behalf of themselves, and all others similarly situated, against the Defendant Immigrant Elder Home Care LLC and Giash Ahmed (collectively "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

       1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law § 190, *et seq.* ("NYLL") to recover unpaid minimum wages, overtime wages, liquidated damages, statutory penalties, reasonable attorney's fees, costs, pre-judgment and post-judgment interest.

## JURISDICTION AND VENUE

       2.    This Court has original jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

       3.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 as Immigrant Elder Home Care LLC maintains its principal place of business in this district

and a substantial part of the events or omissions giving rise to the instant claims occurred in this district

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs**

5. Plaintiffs reside in Bronx County, in the State of New York.

6. From August 3, 2020 to July 2022, Plaintiffs worked with the Defendants in the position of a home health care attendant.

7. From August 3, 2020 to July 2022, Plaintiff Shapna Akter also worked as a marketer.

8. At all times relevant to this action, Plaintiffs were employees of the Defendants within the meaning of the FLSA and NYLL.

**Defendant Immigrant Elder Home Care LLC**

9. At all times herein relevant, the Defendant Immigrant Elder Home Care LLC was and is a domestic business corporation organized and existing under the laws of New York, with its principal place of business located at 43-20 57th Street, Woodside, New York 11377.

10. At all times herein relevant, the Defendant Immigrant Elder Home Care LLC was and is a business or enterprise engaged in interstate commerce within the meaning of the FLSA.

11. At all times herein relevant, the Defendant Immigrant Elder Home Care LLC's annual gross volume of sales was and is in excess of $500,000.

12. At all times herein relevant, the Defendant Immigrant Elder Home Care LLC was an employer of Plaintiff within the meaning of the FLSA and NYLL.

13. At all times herein relevant, the Defendant Ahmed Giash managed the day-to-day operations of the Defendant Immigrant Elder Home Care LLC.

**Defendant Giash Ahmed**

14. The Defendant Giash Ahmed is, upon information and belief, a resident of Suffolk County, in the State of New York.

15. At all times herein relevant, the Defendant Giash Ahmed served as a principal, officer, owner and/or manager of the Defendant Immigrant Elder Home Care LLC.

16. At all times relevant to this action, the Defendant Giash Ahmed was Plaintiffs' supervisor and/or manager during Plaintiffs' employment with the Defendant Immigrant Elder Home Care LLC.

17. The Defendant Giash Ahmed possesses or possessed an ownership interest in, operational control over, policy making authority at, and/or significant authority over the day-to-day operations of the Defendant Immigrant Elder Home Care LLC.

18. The Defendant Giash Ahmed exercised the power and authority to hire and fire employees, establish the rate and method of pay of employees, determine work schedules, control labor relations and personnel policies, maintain employment records, and determine terms and conditions of employment of Plaintiff, the FLSA Collective and the Rule 23 Class.

19. Employees of the Defendant Immigrant Elder Home Care LLC could complain to Giash Ahmed directly regarding any of the terms of their employment, and the Defendant Giash Ahmed would have the authority to effect any changes to the quality and terms of their employment.

20. The acts of the Defendant Immigrant Elder Home Care LLC charged in this Complaint were authorized, directed, or accomplished by the Defendant Giash Ahmed

3

individually, by himself or his agents, officers, employees or representatives, while actively engaged in the management of the Defendant Immigrant Elder Home Care LLC.

21. The Defendant Giash Ahmed is personally and jointly and severally liable for the violations of the FLSA and NYLL by the Defendant Immigrant Elder Home Care LLC.

## FLSA COLLECTIVE ALLEGATIONS

22. Plaintiffs bring claims for relief as a collective action pursuant to the FLSA, 29 U.S.C § 216(b), on behalf of all non-exempt employees of the Defendant Immigrant Elder Home Care LLC, including other home health care attendants, employed by the Defendants at any time from three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

23. The FLSA Collective consists of approximately forty (40) similarly situated current and former non-exempt employees of the Defendant Immigrant Elder Home Care LLC, who have been victims of the Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, as a result of the Defendants' denying them minimum wage, overtime pay, and other monies. As part of their regular business practices, the Defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, the following:

a. Failing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked;

b. Failing to pay Plaintiff and the FLSA Collective the proper overtime pay for all hours worked over forty hours per week.

24. The Defendants have engaged in this unlawful conduct pursuant to a policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

25. The Defendants unlawful conduct has been intentional, willful, in bad faith and has caused damage to Plaintiff and the FLSA Collective.

26. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable by Defendants, and are locatable through Defendants' records, which Defendants are required to maintain pursuant to the FLSA and NYLL. These similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

27. Plaintiffs bring claims for relief as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class consisting of themselves and all current and former non-exempt employees of the Defendant Immigrant Elder Home Care LLC, including but not limited to home health care attendants, at any time six years prior to the filing of this action through the entry of judgment in this action (the "Rule 23 Class").

28. The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable. The exact number of the Rule 23 Class is unknown to Plaintiff at this time, but there are believed to be 40 such persons.

29. The identities of the Rule 23 Class members are known to the Defendants and are contained in the employment records that the Defendants are required to create and maintain pursuant to the FLSA and NYLL.

30. Common questions of law and fact exist as to all members of the Rule 23 Class that predominate over any questions affecting solely individual members. Among the questions of law and fact common to the Rule 23 Class are:

a. Whether the Defendants failed to pay the Rule 23 Class minimum wage for each hour worked;

b. Whether the Defendants failed to pay the Rule 23 Class overtime compensation at a rate of one-and-one-half times their regular hourly rate/applicable minimum wage rate for all hours worked over 40 in a workweek in violation of the NYLL;

e. Whether the Defendants failed to furnish the Rule 23 Class with an accurate statement of all wages, hours worked, rates paid, and gross wages as required by the NYLL and supporting regulations;

f. Whether the Defendants failed to furnish the Rule 23 Class with wage notices as required by the NYLL and supporting regulations; and,

g. Whether Defendants failed to keep true and accurate pay records, records for all hours/shifts worked by the Rule 23 Class, and other records required by the NYLL.

31. The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and the Rule 23 Class work or have worked for the Defendants within the six years prior to the filing of this action. They enjoy the same statutory rights under the NYLL to be paid the correct minimum wage, to be paid overtime wages for all hours worked in excess of 40 in a workweek, to be paid spread-of-hours pay for workdays that their shift or shifts exceeded 10 hours per day, to receive all tips to which they earned and were entitled, to be given wage notices at the time of hire and annually, and to be issued complete and accurate wage statements along with each payment of wages. Plaintiff and the Rule 23 Class have sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL.

32. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to the Defendants' common policies, practices, and patterns of conduct.

33. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

34. Plaintiff has retained counsel competent and experienced in wage and hour litigation and class action litigation.

35. There are no conflicts between Plaintiffs and the Rule 23 Class members.

36. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of the Defendants' common policies, practices and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

37. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## PLAINTIFFS' FACTUAL ALLEGATIONS

38. On or about August 3, 2020, Plaintiffs commenced their employment with the Defendants.

39. Plaintiffs worked for the Defendants from on or around August 3, 2019, until on or around July 2022.

40. For the duration of their employment with the Defendants, Plaintiffs worked at 1944 Chatterton Avenue, Bronx, New York 10472.

41. For the duration of their employment with the Defendants, Plaintiffs reported directly to the Defendant Giash Ahmed.

42. Plaintiffs also reported directly to Lisa, the supervisor.

43. Plaintiffs also reported directly to Rubina, the manager.

44. Plaintiffs were employed in the position of a home health care attendant.

45. Plaintiffs' pay rate was $20.50 per hour.

46. Plaintiff Shapna Akter was paid $1.00 per hour for each hour worked by the individual she referred to Immigrant Elder Care LLC as an employee.

47. Plaintiffs' typical work schedule was Monday to Friday, from 8a.m. to 4p.m., Saturday from 8a.m. to 2p.m. and Sunday from 8a.m. to 2p.m.

48. The Defendants failed to compensate Plaintiffs for all the hours they worked at Immigrant Elder Home Care LLC.

49. The Defendants failed to compensate Plaintiffs for all the hours they worked in excess of forty hours per week at the overtime premium rate.

50. The Defendants issued Plaintiffs two separate earning statements for the same pay period: one reflecting only forty hours per week, and the other reflecting only twelve hours per week.

51. The Defendants unlawfully withheld Plaintiffs' pay for the first two weeks of their employment for the purpose of "security deposit".

52. To date, the Defendants failed to pay such "deposit" back.

53. On a regular basis, Plaintiffs made numerous complaints about unpaid wages to the Defendant Ahmed Giash.

54. On a regular basis, Plaintiffs made numerous complaints about unpaid wages to Lisa, the supervisor.

55. On a regular basis, Plaintiffs made numerous complaints about unpaid wages to Rubina, the manager.

56. In retaliation against Plaintiffs for voicing their concerns, the Defendant Immigrant Elder Home Care LLC, through its agents and employees, threatened to set Plaintiffs' house in Bangladesh on fire.

57. In or around July 2022, when Plaintiff Alam Muhammad came to the office of Immigrant Elder Home Care LLC in an attempt to collect the wages that is owed to him and Plaintiff Shapna Akter, the Defendant Ahmed Giash intimidated Plaintiff Alam Muhammad by showing him some badge and mentioning that he was "a politician".

58. In fear of further retaliation, Plaintiffs left the office of the Defendant Immigrant Elder Home Care LLC without being paid for the wages owed to them.

59. During the entirety of their employment, the Defendants failed to provide Plaintiffs with an accurate wage notice.

60. During the entirety of their employment, the Defendants failed to provide Plaintiffs with an accurate wage statement.

61. The Defendants constructively terminated Plaintiffs' employment in retaliation for them for complaints of, and opposition to, their unlawful pay scheme.

62. For the duration of their employment, the Defendants failed to pay Plaintiff the applicable minimum wage rate in accordance with the FLSA and NYLL.

63. Defendants failed to keep accurate records of wages earned or hours worked by Plaintiff.

64. The Defendants knowingly and willfully violated the FLSA and NYLL with respect to Plaintiff's employment.

65. At all times relevant to this action, the Defendants' actions were intentional and intended to harm Plaintiff.

66. At all times relevant to this action, the Defendants' actions were willful, reckless, outrageous, intentional, and malicious.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Minimum Wage
(On Behalf of Plaintiff and the FLSA Collective)
(Against all Defendants)

67. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

68. The Defendants were required to pay Plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

69. The Defendants failed to pay Plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

70. The Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

71. The Defendants' violations of the FLSA described above have been willful and therefore, a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

72. As a result of the Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**New York Labor Law – Unpaid Minimum Wage**
**(On Behalf of Plaintiff and the Rule 23 Class)**
**(Against all Defendants)**

73. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

74. The Defendants failed to pay Plaintiffs and the Rule 23 Class the minimum wages to which they are entitled under the NYLL.

75. The Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class minimum hourly wages.

76. As a result of the Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), *et seq*.

**THIRD CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Overtime**
**(On Behalf of Plaintiff and the FLSA Collective)**
**(Against all Defendants)**

77. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

78. The Defendants are employers within the meaning of 29 U.S.C §§ 203(e) and 206(a) and employed Plaintiffs.

79. The Defendants were required to pay Plaintiffs and the FLSA Collective one and one-half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours worked in excess of 40 hours in a workweek.

80. The Defendants failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

81. The Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages.

82. The Defendants' violations of the FLSA described above have been willful, and therefore, a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

83. As a result of the Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**
**(On Behalf of Plaintiff and the Rule 23 Class)**
**(Against all Defendants)**

84. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

85. Under the NYLL and supporting New York State Department of Labor Regulations, the Defendants were required to pay Plaintiffs and other non-exempt employees one and one half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours they worked in excess of forty (40) hours per week.

86. The Defendants failed to pay Plaintiffs and the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

87. The Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class overtime wages.

88. As a result of the Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), *et seq*.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Wage Theft Prevention Act Notice Violations**
**(On Behalf of Plaintiff and the Rule 23 Class)**
**(Against all Defendants)**

89. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

90. NYLL § 195(1)(a) obligates every employer to: "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the

employee, of receipt of this notice, which the employer shall preserve and maintain for six years."

91. The Defendants failed to provide Plaintiffs and the Rule 23 Class with an accurate wage notices compliant with NYLL § 195(1)(a).

92. Due to the Defendants' violations of NYLL § 195(1), Plaintiffs and the Rule 23 Class are each entitled to recover from Defendants statutory penalties of $50.00 for each workday that the Defendants failed to provide wage notices, up to a maximum of $5,000 each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYLL § 198(1-b)

93. The Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs and the Rule 23 Class with each payment of wages and accurate statement listing the number of regular hours worked, and the number of overtime hours worked; gross wages, deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

94. Through their failure to provide Plaintiffs and the Rule 23 Class with wage statements as required by the NYLL, the Defendants have violated NYLL § 190, *et seq*. and the supporting New York State Department of Labor Regulations.

95. Due to the Defendants' violations of NYLL § 195(3), Plaintiffs and the Rule 23 Class are each entitled to recover from Defendants statutory penalties of $250.00 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of $5,000 each, plus reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL § 198(1-d).

**SIXTH CAUSE OF ACTION**
**Fair Labor Standards Act – Retaliation**
**(On Behalf of Plaintiff)**
**(Against all Defendants)**

96. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

97. Plaintiffs were employees of the Defendants within the meaning of the FLSA.

98. The Defendants were employers of Plaintiffs within the meaning of the FLSA.

99. 29 U.S.C. § 215(a)(3) prohibits any person, "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

100. While employed by the Defendants, Plaintiffs complained to Giash Ahmed about the Defendants' unlawful employment practices, including their failure to pay Plaintiffs the minimum wage.

101. Plaintiffs' complaints constitute protected activity under the FLSA.

102. After and as a result of Plaintiffs' complaints, the Defendants constructively terminated Plaintiffs' employment, and threatened to burn down Plaintiffs' house in Bangladesh.

103. A causal connection exists between Plaintiffs' complaints and the Defendants' retaliatory conduct.

104. The Defendants violated 29 U.S.C. § 215(a)(3) by terminating Plaintiffs' employment in retaliation for Plaintiffs' complaints of the Defendants unlawful pay practices.

105. Due to the Defendants' violations of 29 U.S.C. § 215(a)(3), Plaintiffs are entitled to recover from Defendants their lost wages and other compensatory damages, liquidated damages

in an amount equal to her lost wages, pre-judgment and post-judgment interest, along with reasonable attorneys' fees, costs and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law – Retaliation**
**(On Behalf of Plaintiff)**
**(Against all Defendants)**

106. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

107. Plaintiffs were employees of the Defendants within the meaning of the NYLL.

108. The Defendants are employers of Plaintiff within the meaning of the NYLL.

109. NYLL § 215(1) states, in part, "No employer or his or her agent, or the officer of agent of any corporation, partnership, or limited liability company…shall discharge, threaten, penalize or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer…or his or her authorized representative…that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…[or] (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter…or (v) because such employee has otherwise exercised rights protected under this chapter…"

110. While employed by the Defendants, Plaintiffs complained to Giash Ahmed about the Defendants' unlawful practices, policies and procedures of not being paid proper wages, including their failure to pay Plaintiffs' minimum wages.

111. Plaintiffs' complaints to Giash Ahmed constitute protected activity under NYLL § 215.

112. A causal connection exists between Plaintiffs' complaints of improper pay practices and the Defendants' constructive termination of Plaintiffs.

113. The Defendants violated NYLL § 215 by retaliatorily constructively terminating Plaintiffs' employment due to their complaints about the Defendants' unlawful pay practices, policies and procedures, including their failure to pay her minimum wages.

114. Due to the Defendants' violations of NYLL § 215(1), Plaintiffs are entitled to recover from Defendants their lost wages and other compensatory damages, liquidated damages, pre-judgment and post-judgment interest, along with reasonable attorneys' fees, costs and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the FLSA Collective and Rule 23 Class, respectfully request that this Court grant the following relief:

A. Designating this action as a collective action on behalf of the FLSA Collective and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated non-exempt employees and appointing Plaintiffs and their counsel to represent the FLSA Collective. Such notice shall inform them that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages;

B. Certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Rule 23 Class and appointing Plaintiffs and their counsel to represent the class;

C. Issuing an order tolling the statute of limitations;

D. Issuing a declaratory judgment that the practices complained of herein are unlawful under applicable state and federal law;

E. Declaring that the Defendants violated the minimum wage provisions of the FLSA, NYLL and supporting New York State Department of Labor Regulations;

F. Declaring that the Defendants violated the overtime provisions of the FLSA, NYLL and supporting New York State Department of Labor Regulations;

G. Declaring that the Defendants violated the notice provisions of the NYLL and Wage Theft Prevention Act;

H. Declaring that the Defendants constructively terminated Plaintiffs' employment due to their complaints of, and opposition to, Defendants' unlawful pay practices, policies and procedures, including their failure to pay Plaintiffs minimum wages, and awarding Plaintiffs a recovery for damages sustained;

I. Enjoining future violations of the FLSA and NYLL by Defendants;

J. Declaring that the Defendants violations of the FLSA and NYLL were willful;

K. Awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class unpaid minimum wages;

L. Awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

M. Awarding Plaintiffs and the Rule 23 Class statutory penalties for Defendants' failure to furnish wage notices and/or pay statements pursuant to the NYLL;

N. Awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated and/or punitive damages in amount equal to the total amount of wages found to be due, pursuant to the FLSA and NYLL;

O. Awarding Plaintiffs compensatory damages, pursuant to the FLSA and/or NYLL, retroactive to the date of their constructive termination, for all lost wages and benefits sustained as a result of the Defendants' retaliatory conduct after and as a result of Plaintiffs' complaints of and/or opposition to Defendants' unlawful pay practices;

P. Awarding Plaintiffs liquidated and/or punitive damages pursuant to the FLSA and/or NYLL due to Defendants' violations of those statutes as a result of Defendants' retaliatory conduct after and as a result of Plaintiffs' complaints of and/or opposition to Defendants' unlawful pay practices;

Q. Awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorney's fees, costs, and expenses of the action under the FLSA and NYLL;

R. Awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class pre-judgment and post-judgment interest under the FLSA and NYLL;

S. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated:  November 18, 2022
        New York, New York

**AKIN LAW GROUP PLLC**

*/s/ Olena Tatura*

_____

Olena Tatura, Esq.
45 Broadway, Suite 1420
New York, NY 10006
Telephone: (212) 825-1400
Facsimile: (212) 825-1440
Email: olena@akinlaws.com
*Attorneys for Plaintiff*