# AKIN LAW GROUP PLLC

**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400    Fax. (212) 825-1440

| | |
|---|---|
| **Zafer A. Akin** | **Justin Ames** |
| **Robert D. Salaman** | **Olena Tatura** |
| | **Kayla Callahan** |
| ------------------------------------ | ------------------------------------ |
| Partners | Associates |

May 5, 2023

**Via ECF**
The Honorable Ronnie Abrams, U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

      Re:    **Akter** *et al.* **v. Immigrant Elder Home Care LLC** *et al.*
               Case No. 22-CV-09868(RA)(SN)
               **Joint Letter Motion for Cheeks FLSA Settlement Approval**

Dear Judge Abrams:

We represent Plaintiffs, Shapna Akter ("Akter") and Alam Muhammad ("Alam") (collectively, "Plaintiffs") in the above-referenced matter. Defendants Immigrant Elder Home Care LLC and Giash Ahmed (collectively, "Defendants") are represented by Emina Poricanin, Esq., of Emina Poricanin Law P.C. On March 27, 2023, the parties reached a settlement in principle of all Plaintiffs' claims. We respectfully now seek Your Honor's approval of the proposed Settlement and Release Agreement of FLSA Claims. The proposed Settlement and Release Agreement of FLSA Claims ("Settlement Agreement") is attached hereto as Exhibit A.

The Parties have concluded that the proposed Settlement Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that the Court enter an Order approving the Settlement Agreement as fair and reasonable.

    **I.**    **The Proposed Settlement Agreement is Fair and Reasonable**

In order for the parties' proposed Settlement Agreement to take effect, the Court must scrutinize and approve the Agreement. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 2015 U.S. App. LEXIS 13815 (2d Cir. 2015). The Court should approve the Settlement, so long as it "reflects a reasonable compromise of disputed issues [rather] than mere waiver of statutory rights brought about by an employer's overreaching." *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. ELXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also *Kopera v. Home Depot USA, Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). Relevant factors include: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid

anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Beckert v. Roniburov*, 2015 WL 8773460, at *1 (S.D.N.Y. 2015) quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

In this action, Plaintiffs alleged that they were former employees of Defendants. Plaintiffs allege Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay minimum wages, overtime wages, failing to provide a statutory wage notice and wage statements, failing to keep contemporaneous records of Plaintiffs' hours worked, and by retaliating against them for their complaints of Defendants' unlawful pay practices during their employment with Defendants. Defendants vehemently deny Plaintiffs' allegations.

Specifically, Plaintiffs alleged that they were employed by the Defendants as home healthcare attendants from approximately August 3, 2020 to July 2022. They reported directly to Giash Ahmed, the owner; Lisa, the supervisor; and Rubina, the manager. Plaintiffs earned $20.50 per hour, and typically worked Monday to Friday, from 8 a.m. to 4 p.m., Saturday from 8 a.m. to 2 p.m., and Sunday from 8 a.m. to 2 p.m. The Defendants issued Plaintiffs two separate paychecks for the same pay period: one reflecting only forty (40) hours per week, and the other reflecting twelve (12) hours per week. These hours were marked as regular, not overtime. Plaintiffs also alleged that the Defendants unlawfully withheld Plaintiffs' pay for the first two weeks of their employment for a "security deposit", but never paid such "deposit" back. On a few occasions, Plaintiffs also did not receive the monies they earned as reflected on their paychecks. Plaintiffs made numerous complaints about the Defendants' labor law violations, to no avail. In retaliation, they were threatened to have their house in Bangladesh to be set on fire and had no choice but to accept their constructive termination. The Defendants failed to provide Plaintiffs with an accurate wage notice or wage statements.

Defendants dispute Plaintiffs' allegations. First, Defendants allege that Akter was a marketer, and Alam was a personal assistant, and they were not caregivers. Second, the Defendants allege that the Defendants were not Plaintiffs' 'employers' within the meaning of FLSA. Third, the Defendants allege that Plaintiffs were paid correctly, and cannot bring their allegations as a class, because of the existing arbitration agreements.

The parties conducted paper discovery, including the exchange and review of several hundred pages of documents *e.g.,* paychecks, timesheets, bank statements, *etc*. Defendants produced relevant time and pay records reflecting the duration and amount of work performed by Plaintiffs. As a result of Defendants' production, Plaintiffs' claims were significantly narrowed.

Following the production of Defendants' time and pay records, the Parties agreed to discuss settlement. At the conclusion of such settlement discussions, the Parties agreed to a settlement of all claims. The Parties are now seeking judicial approval for the settlement on Plaintiffs' FLSA claims, which the Parties agreed to settle for $30,000.00 for Shapna Akter and $24,000.00 for Alam Muhammad (a total of $54,000.00).

Given the risks for both sides in the litigation, the proposed Settlement Agreement awarding Plaintiffs the total sum of $54,000.00 is fair and reasonable for a number of reasons. First, the Settlement Agreement is a fair financial compromise given the significant disputes over the amount of pay Plaintiffs are owed.  Second, the Settlement Agreement will spare the parties the expense of further litigation and conducting a trial, which was particularly likely to be protracted absent the agreed-upon resolution.  Third, the Settlement Agreement provides Plaintiffs with an immediate recovery—as opposed to a delayed recovery, a paper judgment, or none at all. Fourth, the Settlement Agreement allows the Parties to avoid the litigation risks set forth above. Fifth, the Settlement Agreement is the result of the thorough review of exchanged documents and materials, a settlement conference with the Court, and hard-fought, arm's-length bargaining between experienced counsel.  The Parties' attorneys have substantial experience litigating wage and hour cases, such as this one, and negotiated the settlement in a good faith.  Finally, as evidenced by the arm's-length negotiations, there was no fraud or collusion.

## II.     The Attorney's Fees Are Fair and Reasonable

Under the settlement, Plaintiffs' counsel, Akin Law Group, PLLC, receives a total of $18,715.00 for its attorney's fees and costs in the FLSA Settlement Agreement.  The costs incurred by Plaintiffs and disbursed by Plaintiffs' counsel, which consist of the fees for filing and serving the Complaint, are $715.00.  An invoice of advanced client costs is attached hereto as Exhibit B. I am the sole attorney who worked on Plaintiffs' file.

I am an Associate with Akin Law Group, PLLC.  In 2010, I graduated from the National University of Ostroh Academy in Ukraine with my Bachelor's and Specialist's Degrees in Law. In 2018, I graduated from Fordham University School of Law with my LLM Degree. From 2015 to 2020, I worked at Akin Law Group PLLC as a paralegal, and since my admission to the New York State Bar, Eastern and Southern Districts of New York in 2020, I have worked as an Associate at Akin Law Group PLLC, practicing exclusively in the area of labor and employment law, including wage-and-hour cases. My work is billed at a rate of $400.00 per hour.

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the Court must also assess the reasonableness of the fee award." *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012).  As the *Wolinsky* court explained:

> In an individual FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees.  Nevertheless, even in such cases, the Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that the interest of plaintiff's counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.

*Id*. (internal citations and quotations omitted).

Here, based on the exchange of party information, settlement negotiations, and the litigation risks, the Court can reasonably infer that the Plaintiffs' recovery has not been adversely affected by counsel's interest in its own compensation.  In addition, the costs and fees requested

3

are in accordance with the Plaintiffs' engagement agreement with counsel, which provided that counsel would receive their reasonable attorney's fees.

The attorneys' fees amount of $18,715.00 is reasonable under the lodestar approach which courts typically apply in FLSA cases. *See e.g., Gomez, supra,* 2014 U.S. Dist. LEXIS 45580, at *28. Assuming that the Court's "authority to reduce a statutory fee award by reason of the plaintiffs' 'partial or limited success'" applies in cases like this one where the fee amount has already been settled, no such reduction is warranted here. *Cf. Picerni v. Bilingual Selt & Preschool, Inc.,* 925 F.Supp.2d 368, 37, n.37 (E.D.N.Y. 2013) (noting uncertainty as to "whether the court can or should determine the reasonableness of the fee claimed by plaintiff's attorney, and if it undertakes such a determination, what is the applicable standard").

Indeed, the agreed amount of $18,000.00—which excludes the aforementioned $715.00 of incurred costs—is already significantly lower than the $19,800.00 indicated on Plaintiffs' counsel's billing records. Plaintiffs' counsel's billing records are attached hereto as Exhibit C. To the extent the work performed by counsel can be directly attributed to Plaintiffs' FLSA claims, counsel estimates that approximately 100% of the work performed on behalf of Plaintiffs was attributable to those claims. Additionally, Plaintiff's counsel omitted billable work from the attached billing records, including, but not limited to any work performed subsequent to May 1, 2023, to finalize the FLSA Settlement Agreement or in support of the Court's approval of the FLSA Settlement Agreement.

Courts have repeatedly held that, with respect to awarding attorney's fees, the lodestar calculation is presumptively reasonable, and the District Court may only reduce the lodestar on the "rare occasion" where the lodestar does not adequately take into consideration a factor that bears upon the reasonableness of the presumptive award. *See Millea v. Metro-North R.R.*, 658 F.3d 154, 167, (2nd Cir. 2011) (finding the district court's reduction of the lodestar figure was in error); *see also Douyon v. N.Y. Med. Health Care,* 49 F Supp. 3d, 328, 335 (E.D.N.Y. 2014) (awarding the requested lodestar fee of $145,486.25 and $4,952.69 in costs where the plaintiff recovered approximately $40,000). In this case, Plaintiffs' counsel is seeking substantially less than the presumptively reasonable lodestar amount and voluntarily excluded billable work from the lodestar calculation. This further supports that no reduction in Plaintiffs' requested fees is warranted here.

Additionally, the Second Circuit recently reiterated its explicit rejection that the attorney's fees award must be proportional to the FLSA Plaintiffs' recovery. *Fisher v. SD Prot. Inc.*, 948 F.3d 593 (2d Cir. 2020). In *Fisher*, the parties settled an FLSA action for a total sum of $25,000.00 and sought approval from the District Court of their settlement agreement allocating $23,000.00 (92%) of the settlement sum to Plaintiff's counsel for fees and costs and $2,000.00 (8%) of the settlement sum to Plaintiff. *Id.* The District Court approved the overall amount but significantly modified the distribution of the settlement between Plaintiff and his counsel, decreasing counsel's attorney's fees to 33% of the settlement sum under the theory that the maximum attorney's fees award in an FLSA action was 33% of the total settlement sum. *Id.*

The *Fisher* Court held that proportionality standards are inconsistent with the remedial goals of the FLSA, which is a "uniquely protective statute." *Id*, quoting *Cheeks v. Freeport*

4

*Pancake House, Inc.*, 796 F.3d 199, 2015 U.S. App. LEXIS 13815 (2d Cir. 2015) at 207. The Court held, "Neither the text nor the purpose of the FLSA, however, supports imposing a proportionality limit on recoverable attorneys' fees. With respect to the statutory text, FLSA simply provides for a 'reasonable attorney's fee to be paid by the defendant.' 29 U.S.C. § 216(b). Nothing in this clause or the surrounding text supports the conclusion that a 'reasonable attorney's fee' must be a 'proportional' fee." *Fisher v. SD Prot. Inc.,* 948 F.3D at 14. Because there is no explicit limit on attorneys' fees in FLSA actions, "district courts should not, in effect and practice, implement such a limit." *Id.* at 16.

Accordingly, the same reasoning applied by the Court in *Fisher* should be applied in the present case. As previously set forth, Plaintiffs' counsel is seeking, as and for attorney's fees, less than the presumptively reasonable lodestar calculation. Plaintiff's counsel further submits there are no factors bearing upon the reasonableness of the lodestar calculation that are not factored into the lodestar calculation, and as stated above, Plaintiff's counsel excluded otherwise recoverable fees from the lodestar calculation. In comparison to the fees requested in *Fisher*, the amount of attorney's fees requested in the instant action is eminently more reasonable. Accordingly, the time spent by Plaintiffs' counsel on this case was reasonable.

Accordingly, we respectfully request that the Court approve the Settlement Agreement and dismiss this case with prejudice. We thank Your Honor for your time and attention to this matter.

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Olena Tatura*_____
Olena Tatura, Esq.
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
Olena@akinlaws.com

cc: All counsel of record (via ECF)

5